IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RUBIN C. SLADE, JR.,**

    **Petitioner,**

v.                                                                               **Civil Action No. 2:16CV53**
                                                                                **Criminal Action No. 2:03CR1**
                                                                                     **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING § 2255
MOTION [DKT. NO. 1] AND DISMISSING CASE WITH PREJUDICE**

Pending before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence filed by the pro se petitioner, Rubin C. Slade, Jr. ("Slade") (Dkt. No. 1).[1] For the reasons that follow, the Court **DENIES** the motion (Dkt. No. 1) and **DISMISSES** this case **WITH PREJUDICE**.

### I. BACKGROUND

On June 16, 2004, a jury convicted Slade of one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Case No. 2:03CR1, Dkt. No. 69). Both convictions arose out of a December 5, 2002 bank robbery in Elkins, West Virginia. Id. After receiving concurrent life sentences of imprisonment on both counts on March 31, 2005

---

[1] Unless otherwise noted, docket numbers refer to Case No. 2:16CV53.

SLADE V. UNITED STATES                                    2:16CV53
                                                          2:03CR1

**MEMORANDUM OPINION AND ORDER DENYING § 2255
MOTION [DKT. NO. 1] AND DISMISSING CASE WITH PREJUDICE**

(Case No. 2:03CR1, Dkt. No. 94), Slade appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction and sentence on June 6, 2007 (Case No. 2:03CR1, Dkt. Nos. 96, 118). Subsequently, on June 16, 2009, Slade filed his first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence, which was denied as untimely (Case No. 2:09CV72, Dkt. Nos. 1, 8).

Slade filed his second motion under § 2255 on May 9, 2016 (Case No. 2:16CV38, Dkt. No. 1), which United States Magistrate Judge Michael J. Aloi recommended the Court deny as a second or successive motion (Case No. 2:16CV38, Dkt. No. 4). After receiving a copy of this recommendation, Slade sought certification from the Fourth Circuit to file a second or successive motion under § 2255(h) (Dkt. No. 136). After he received certification (Case No. 2:03CR1, Dkt. No. 141), Slade filed the instant § 2255 motion (Dkt. No. 1 at 5-11), which is fully briefed and ripe for disposition.[2]

## II. APPLICABLE LAW

Title 28 U.S.C. § 2255(a) permits federal prisoners, who are

---

[2] After receiving certification, a petitioner has one year to file a second or successive motion. 28 U.S.C. § 2255(f)(3). Slade filed the instant motion two days after receiving certification, satisfying the procedural requirement to file a second or successive motion (Dkt. No. 1).

in custody, to file a motion to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In this case, relying on Johnson v. United States, 135 S. Ct. 2551 (2015), Slade alleges that his sentence was imposed in violation of the Constitution of the United States. In Johnson, the Supreme Court reviewed a challenge to the Armed Career Criminal Act ("ACCA"). Under the ACCA, an individual who violates 18 U.S.C. § 922(g), and has three previous convictions for a "violent felony," is subject to an enhanced sentence of not less than fifteen years. 18 U.S.C. § 924(e)(1). The term "violent felony" is defined within the ACCA in three different clauses: the force clause, the enumerated clause, and the residual clause. Together, these clauses define a "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that":

3

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [(force clause)]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [(enumerated clause)], or otherwise involves conduct that presents a serious potential risk of physical injury to another [(residual clause)].

18 U.S.C. § 924(e)(2)(B).

In Johnson, the defendant was subject to a sentencing enhancement under § 924(e)(1) because he had three previous convictions for a violent felony. Johnson, 135 S. Ct. at 2556. The Supreme Court, however, determined that one of the defendant's three previous convictions was not a violent felony under the ACCA because the residual clause on which the sentencing court had relied was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Id. at 2563. Subsequently, in Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held that the new rule of constitutional law announced in Johnson was a substantive rule to be applied retroactively on collateral review.

### III. DISCUSSION

Based on the Supreme Court's decisions in Johnson and Welch, Slade asserts four grounds for relief, which the Court will address

seriatim.

**A.  Ground One**

Slade first asserts that his concurrent life sentences should be vacated because the new rule of constitutional law announced in Johnson, and made retroactive in Welch, should apply to the residual clause in § 3559(c) (Dkt. No. 1 at 5). The Government contends Slade's life sentences were not based on the residual clause in § 3559(c) (Dkt. No. 9 at 7-8), and argues further that, even had they been, Johnson's new rule of constitutional law should not apply to § 3559(c) (Dkt. No. 9 at 10, n. 9).

Under § 3559(c), or the "three-strikes statute," an individual "who is convicted of a serious violent felony" is subject to mandatory life imprisonment if the individual has previously been convicted of "2 or more serious violent felonies." 18 U.S.C. § 3559(c)(1). Like the ACCA, § 3559(c)(2)(F) defines a "serious violent felony" in three clauses: the enumerated clause, the force clause, and the residual clause.

The enumerated clause identifies, by name, several offenses that are "serious violent felonies," which include both state and federal offenses. Id. § 3559(c)(2)(F)(i). The force clause provides that a "serious violent felony" also includes "any other offense

5

SLADE V. UNITED STATES                                            2:16CV53
                                                                  2:03CR1

**MEMORANDUM OPINION AND ORDER DENYING § 2255
MOTION [DKT. NO. 1] AND DISMISSING CASE WITH PREJUDICE**

punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 3559(c)(2)(F)(ii). Finally, the residual clause further defines a "serious violent felony" as "any other offense punishable by a maximum term of imprisonment of 10 years or more . . . that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense." Id. Although the language of this residual clause resembles closely that of the ACCA's residual clause, the Supreme Court has not yet applied the new rule of constitutional law articulated in Johnson to the residual clause of § 3559(c).

Even if the residual clause of § 3559(c) is unconstitutionally vague, as Slade contends, see United States v. Goodridge, No. 96-30015, 2019 WL 3306956, at *10 (D. Mass. July 23, 2019) (holding same), he is not entitled to relief here because, under the enumerated clause of § 3559(c), he has two qualifying predicate convictions for armed robbery under Virginia common law. The statute's residual clause therefore is not implicated.

To determine whether a previous conviction qualifies as a predicate offense, courts apply the categorical approach expounded

6

in Taylor v. United States, 495 U.S. 575 (1990). Under the categorical approach, courts "may 'look only to statutory definitions'——i.e., the elements——of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'" Id. at 261 (emphasis in original) (quoting Taylor, 495 U.S. at 600). If the elements of a defendant's prior offense are the same as, or narrower than, the elements of the generic offense, then the previous conviction qualifies as a predicate offense. Id. However, if the elements of the prior offense are broader than the elements of the generic offense, the previous conviction does not qualify as a predicate offense. Id.

Here, Slade's 1977 and 1981 Virginia convictions for armed robbery (Case No. 2:03CR1, Dkt. No. 95), subject him to life imprisonment under § 3559(c). Although the presentence investigation report and Virginia court documents (Dkt. Nos. 27-1, 33, 33-1) identify both convictions as "armed robbery," Virginia does not define armed robbery as a separate offense from robbery. Robert J. Bacigal, Virginia Practice Series: Criminal Offenses and Defenses in Virginia Robbery (2018). In other words, if robbery is committed while armed, as it twice was by Slade, the defendant is only convicted of the offense of robbery. Therefore, to determine

whether Slade's prior convictions qualify as predicate offenses under § 3559(c)(2)(F)(i), which lists robbery as an enumerated offense, the Court must compare the Virginia definition of robbery to the generic definition of robbery.

In Virginia, robbery is not defined by statute,[3] but is a common law crime defined as "the taking, with intent to deprive the owner permanently, of personal property, from his person or in his presence, against his will, by violence or intimidation." Ayres v. Commonwealth, 161 S.E. 888, 899 (Va. 1932) (citing Green v. Commonwealth, 112 S.E. 562, 563 (Va. 1922); Brookman v. Commonwealth, 145 S.E. 358 (Va. 1928)).

To ascertain the generic definition of robbery, the Court looks to § 3559(c)(2)(F)(i), which references three definitions of robbery. Among these definitions, is 18 U.S.C. § 2111, which provides the most generic definition. Compare 18 U.S.C. § 2111 with 18 U.S.C. §§ 2113 and 2118. Specifically, § 2111 provides that "whoever . . . by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value" has committed robbery. 18 U.S.C. § 2111.

---

[3] The punishment for robbery is defined by statute. Va. Code Ann. § 18.2-58 (2019).

**MEMORANDUM OPINION AND ORDER DENYING § 2255
MOTION [DKT. NO. 1] AND DISMISSING CASE WITH PREJUDICE**

A comparison of the Virginia definition of robbery and the generic definition of robbery in § 2111 leads to the conclusion that the elements of Virginia robbery are narrower than the elements of the generic definition of robbery found in § 2111. While § 2111 requires the taking of "anything of value," the Virginia definition requires the "taking . . . of personal property." Obviously, "anything of value" encompasses more than just "personal property."

Additionally, § 2111 requires the taking to be accomplished "by force and violence, or by intimidation," while the Virginia definition requires the taking to be accomplished "by violence or intimidation." In this respect, the two definitions are virtually identical inasmuch as violence is necessarily accompanied by force. Furthermore, § 2111 also requires the taking to be "from the person or presence of another," while the Virginia definition requires the taking to be "from [the owner's] person or in his presence." Again, these two definitions are virtually identical.

Finally, the Virginia definition adds that the taking must be done "with the intent to deprive the owner permanently" and "against [the owner's] will." As these additional elements are not included in the definition of robbery in § 2111, the Virginia

definition is necessarily narrower. Given that, Slade's Virginia convictions for robbery qualify as predicate offenses under the enumerated clause of § 3559(c).[4]

Slade's reliance on United States v. Gardner, 823 F.3d 793 (4th Cir. 2016) to rebut this conclusion is misplaced. In Gardner, the Fourth Circuit held that North Carolina common law robbery did not qualify as a valid predicate for a sentencing enhancement under the force clause of the ACCA. 823 F.3d at 804. But the Supreme Court recently abrogated Gardner in Stokeling v. United States, 139 S. Ct. 544 (2019). Since then, the Fourth Circuit has concluded that North Carolina common law robbery does, in fact, qualify as a violent felony under the force clause of the ACCA. See United States v. Dinkins, 928 F.3d 349, 357-58 (4th Cir. 2019) (recognizing abrogation). Nor do these cases have any effect on Slade's § 2255 motion given this Court's finding that his robbery convictions are valid predicates under the enumerated clause in § 3559(c)(2)(F)(i). Thus, the force clause in § 3559(c)(2)(F)(ii) is not implicated.

---

[4] It is also worth noting that, because Slade committed both robberies while armed, his convictions cannot be considered "nonqualifying felonies" under § 3559(c)(3)(A).

**B.     Grounds Two and Three**[5]

As his second ground, Slade asserts that, based on the new rule of constitutional law announced in <u>Johnson</u>, the jury instructions used in his trial were invalid (Dkt. No. 1). He further argues that his conviction under § 924(c) should be vacated because, following the reasoning in <u>Johnson</u>, the residual clause in § 924(c)(3)(B) is unconstitutionally vague. <u>Id.</u>

Slade was convicted of one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of brandishing a firearm in relation to a crime of violence (i.e., the armed bank robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Case No. 2:03-CR-1, Dkt. No. 69). He argues that his armed bank robbery conviction does not qualify as a crime of violence under the residual clause in § 924(c)(3)(B) because that clause is unconstitutionally vague (Dkt. No. 1).[6] Based on this reasoning, Slade contends that his conviction under § 924(c) must be vacated. The Government responds that Slade's conviction under §§ 2113(a)

---

[5] Because Slade effectively raises the same claim in ground three, the Court addresses these arguments together.

[6] Slade filed the instant petition before the Supreme Court held the residual clause in § 924(c)(3)(B) to be unconstitutionally vague. <u>United States v. Davis</u>, No. 18-431 (2019).

and (d) was deemed a crime of violence under the force clause in § 924(c)(3)(A), not the residual clause in § 924(c)(3)(B) (Dkt. No. 9).

Under § 924(c)(1)(A)(ii), "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years." The statute defines a "crime of violence" using both the force clause and the residual clause, 18 U.S.C. § 924(c)(3), which are nearly identical to those clauses in the ACCA. Consequently, applying its reasoning in Johnson, the Supreme Court recently announced that the residual clause in § 924(c)(3) is also unconstitutionally vague. United States v. Davis, No. 18-431 (2019). Thus, the force clause provides the only valid definition of a "crime of violence," that is "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

To determine whether an offense qualifies as a crime of violence under the force clause in § 924(c)(3)(A), the Fourth Circuit employs the categorical approach. United States v. Fuertes,

805 F.3d 485 (4th Cir. 2015). Utilizing this approach, the court has held that bank robbery, in violation of § 2113(a), qualifies as a crime of violence under the force clause. <u>United States v. McNeal</u>, 818 F.3d 141, 157 (4th Cir. 2016). Armed bank robbery, in violation of § 2113(d), also qualifies as a crime of violence under the same force clause because bank robbery is a lesser-included offense of armed bank robbery. <u>Id.</u>

Following this precedent, Slade's conviction for armed bank robbery in violation of §§ 2113(a) and (d) plainly qualifies as a crime of violence under the force clause of § 924(c)(3)(A), and is countable as a third strike under § 3559(c). Therefore, Slade's second claim under ground two is without merit.

Notably, Slade's third argument challenging the Court's jury instructions fails for the same reason. He contends that, as a result of the new rule of constitutional law announced in <u>Johnson</u>, the jury instructions incorrectly implied that §§ 2113(a) and (d) qualified as crimes of violence under § 924(c)(3). But as set forth above, both sections plainly qualify as crimes of violence under the force clause in § 924(c)(3)(A). <u>McNeal</u>, 818 F.3d 141, 157.

**C.   Ground Four**

As his fourth ground, Slade asserts that his sentence under

13

**MEMORANDUM OPINION AND ORDER DENYING § 2255
MOTION [DKT. NO. 1] AND DISMISSING CASE WITH PREJUDICE**

§ 3559(c) should be vacated because his counsel was constitutionally ineffective (Dkt. No. 1 at 9-10). Pursuant to Slade's certification from the Fourth Circuit, his grounds for relief must be based upon the new rule of constitutional law announced in Johnson. As the Court has found, this clearly is not so. Therefore, Slade's claim of ineffective assistance of counsel is untimely and second or successive.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Slade has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is

debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Slade has failed to make the requisite showing and **DENIES** a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court **DENIES** Slade's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence (Dkt. No. 1) and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order, to transmit copies of both orders to counsel of record and the pro se petitioner, certified mail, return receipt requested, and to strike this case from the Court's active docket.

DATED: August 16, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE